SAMUEL LARRABEE *vs.* JOSEPH M. HODGKINS & another.

*Deed—void for vagueness of description of premises.*

A deed of land given by the treasurer of State for the non-payment of a State tax, describing the premises as "one-fourth, No. 5, R. 8, W. E. L. S.," is void on account of the vagueness of the description of the premises.

ON REPORT.

ASSUMPSIT for money had and received.

The money sued for is one-fourth of a sum collected by the defendants for stumpage of logs cut on township No. 5, range 8, west from the east line of the State in Penobscot county, and in the winter of 1868 and 1869. The defendants admitted that they have the money, and are ready to pay it to the rightful owner.

The money sued for was claimed by one Lane, who is the owner of the one-fourth township, unless the plaintiff owns it by virtue of a tax-title. Both Lane and the plaintiff claim the fund, and both have demanded it of the defendants.

The title set up by the plaintiff is under proceedings for the collection of the State tax upon said township for the year 1864, for the non-payment of which sale was made Sept. 19, 1866. The defendants claimed that without any evidence on their part the

plaintiff could not maintain this suit, because of the insufficiency of the description in the deed of the treasurer of State, even if all the preliminary proceedings were regular.

The description of the premises in the deed of the treasurer of State was simply, " one-fourth, No. 5, R. 8, W. E. L. S."

If the action could not be maintained, the plaintiff was to become nonsuit.

*J. A. Peters & F. A. Wilson*, for the plaintiff.

Same description used for years—well understood—common language of conveyances. Common in the tax acts. Held good in *Adams* v. *Larrabee*, 46 Maine, 519.

Tax-title was sustained in *Hodgdon* v. *Wright*, 36 Maine, 326. The assessment (as see tax act in the laws of that year), was " B. R. V. W. of E. line of State."

One-quarter means undivided quarter; such is the natural and ordinary meaning of the term.

The description in the deed in *Hodgdon* v. *Wright*, *supra*, was " 14,593 acres in township B."

The law has been changed since the decision in *Clarke* v. *Strickland*, 2 Curtis, 439.

*A. W. Paine*, for the defendants, on the vagueness of the description in the deed, cited *Harvey* v. *Mitchell*, 31 N. H. 575; *Smith* v. *Bodfish*, 27 Maine, 289–94; *Raymond* v. *Longworth*, 14 How. 76; *Ronkendorff* v. *Taylor's Lessee*, 4 Pet. 362.

APPLETON, C. J. The plaintiff claims a title to a quarter of a township of land by reason of the non-payment of a tax of eight dollars.

The land sold was described thus, " one-fourth No. 5, R. 8, W. E. L. S. In *Ronkendorff* v. *Taylor's Lessee*, 4 Pet. U. S., 349, the advertisement purported to sell for the non-payment of taxes " half of lot No. 491," and the sale was held void for the vagueness of the description of the estate sold. " What," observes Mr. Justice McLean, in delivering the opinion of the court, " would be under-

Larrabee *v.* Hodgkins.

stood by such a description?  Suppose half a square had been advertised, it not having been divided into lots; would it convey that certainty to the public, as to the precise property about to be sold, that would enable one to form an opinion of its value?  No one could suppose that an undivided half of the square was to be sold under the notice; and which half was offered, could not be determined from the advertisement.  Would this be a notice under the requisites of the law?

" The value of a lot or half lot depends upon its situation.  If one of the half lots fronts two streets in a populous part of a city, it is of much higher value than the other half.  And this difference in value may be still greater, if the lot be situated near the middle of a square, fronting the street, and it be divided so as to cut off one-half of it from the street."

" It will thus be seen, that it is not a matter of small importance to the person who wishes to purchase, to know which half of a lot is offered for sale; and as any uncertainty in this matter must materially affect the value of the property at the sale, it is of great importance to the owner that the description should be definite.  That an undivided moiety may be sold for taxes, has already been stated.  But would any one understand that one-half of lot No. 4 means an undivided moiety ? "

This reasoning is equally applicable to a township of land, in which the different quarters may be of very unequal value.  So, too, there may be a very great difference between a divided and an undivided quarter.  The price will vary accordingly as one or the other may be sold.  Titles like the plaintiff's, " by which proprietors are deprived of their ·property, usually for a mere fraction of its value, and without their knowledge, are not favored by the law."  *Clarke* v. *Strickland,* 2 Curtis, 439.

There are other grave objections to the plaintiff's title, but it is not necessary to discuss their validity, as we think the deed of the plaintiff is void for the reasons already stated.

*Plaintiff  nonsuit.*

CUTTING, KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.